IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

MICHAEL EUGENE LAMB, )
 )
        Petitioner, )
 )
vs. ) No. CIV-09-871-W
 )
WARDEN FRANKLIN, )
 )
        Respondent. )

FILED

OCT 16 2009

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

## ORDER

On September 21, 2009, United States Magistrate Judge Robert E. Bacharach issued a Report and Recommendation in this matter and recommended that the Court dismiss the Petition for Writ of Habeas Corpus ("Petition") filed pursuant to title 28, section 2254 of the United States Code by petitioner Michael Eugene Lamb. Lamb was advised of his right to object, and the matter now comes before the Court on Lamb's Objection to the Report and Recommendation.

In 2004, in the District Court for Oklahoma County, Oklahoma, a jury found Lamb guilty of two counts of shooting with intent to kill in violation of title 21, section 652 of the Oklahoma Statutes. State v. Lamb, No. CF-2001-6199. In accordance with the jury's verdict and recommendation, Lamb was sentenced to periods of incarceration of 22 and 18 years, respectively, and the sentences were ordered to be served concurrently.

Lamb appealed. In a summary opinion issued on November 30, 2005, the Oklahoma Court of Criminal Appeals affirmed Lamb's convictions and sentences. Lamb v. State, No. F-2004-817.

On January 13, 2006, Lamb filed in this judicial district an Application for Post-Conviction Relief, Lamb v. Oklahoma County District Court, No. CIV-06-45-W, wherein he challenged his convictions and sentences. In light of the relief Lamb had requested, his application, without objection, was construed as one seeking relief under section 2254.

Judgment was ultimately entered in favor of the respondents on June 28, 2006. The Court declined to issue a certificate of appealability, and that decision was affirmed by the United States Court of Appeals for the Tenth Circuit. Lamb v. Oklahoma County District Court, No. 06-2222 (10th Cir. April 10, 2007).

Because in the instant Petition, Lamb had challenged the same convictions and sentences, Magistrate Judge Bacharach directed Lamb to show cause why this matter should not be summarily dismissed or transferred to the appellate court as a second or successive petition. Lamb was also directed to show cause why this matter should not be dismissed as untimely.

Upon de novo review of the record, the Court concurs with Magistrate Judge Bacharach's suggested disposition of this matter and finds that Lamb has failed to show cause why dismissal of his Petition is not warranted.

Title 28, section 2244 of the United States Code provides that "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Because Lamb has again sought to challenge the convictions and sentences, both of which he challenged in his previous lawsuit, the Court finds that Lamb must first seek authorization from the Tenth Circuit to file a second or

2

successive application and further finds, in the absence of such authorization, that this Court lacks jurisdiction to consider Lamb's claims for relief.

Under extant case law, e.g., In re Cline, 531 F.3d 1249 (10th Cir. 2008)(per curiam), the Court is permitted in these circumstances either to transfer the matter to the appellate court pursuant to title 28, section 1631 of the United States Code or to dismiss it. Based upon its review of the record, the Court finds in its discretion that "it is not in the interest of justice to transfer the matter to . . . [the Tenth Circuit] for authorization." Id. at 1252 (citation omitted); e.g., id. (where no risk exists that meritorious successive claim will be lost absent transfer to appellate court for authorization under section 1631, court does not abuse its discretion if it concludes transfer is not in the interest of justice). If Lamb intends to pursue the claims asserted in the instant Petition, he may seek permission directly from the Tenth Circuit.

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 8] issued on September 21, 2009; and

(2) DISMISSES this matter for lack of jurisdiction.

ENTERED this 16th day of October, 2009.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

3